1  MICHAEL L. TRACY, ESQ., SBN 237779
2  MTRACY@MICHAELTRACYLAW.COM
   LAW OFFICES OF MICHAEL TRACY
3  2030 Main Street, Suite 1300
4  Irvine, CA  92614
   T: (949) 260-9171
5  F: (866) 365-3051

6
   Attorneys for Plaintiff Michael Sahlbach
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10                  **FRESNO DIVISION**

| | |
|---|---|
| 11 MICHAEL SAHLBACH , AN INDIVIDUAL, on behalf of himself and 12 all others similarly situated; | Case No.: |
| 13            Plaintiff, | **COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, MINIMUM WAGE VIOLATIONS,   AND UNFAIR BUSINESS PRACTICES** |
| 14       vs. | |
| 15 | |
| 16 ENERGY PROTECTION SYSTEMS GROUP, INC., A CALIFORNIA 17 CORPORATION; | |
| 18            Defendant. | **DEMAND FOR JURY TRIAL** |
| 19 | |

20  Plaintiff, MICHAEL SAHLBACH , alleges:

21                  **JURISDICTION**

22      1.      This Court has jurisdiction over this matter because this complaint

23  alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

24      2.      This court has supplemental jurisdiction of all the State law claims

25  under 28 U.S.C. § 1367(a).  The State law claims are all related to the same facts –

26  namely whether Plaintiff performed work and was not paid overtime wages and

27  whether that failure to pay was willful.  The failure to provide proper pay check stubs

28  is also directly related to the FLSA claims because Plaintiff is alleging that the pay

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1  check stubs are inaccurate because they did not list the overtime required by the

2  FLSA.  The waiting time penalty claim is directly related to whether the failure to

3  pay overtime required by the FLSA was willful.  As such, all the claims make up the

4  same case or controversy under Article III of the United States Constitution.

5  **VENUE**

6      3.    This Court is the proper court and this action is properly filed in the

7  County of Fresno and in this judicial district because Defendants do business in the

8  County of Fresno, and because Defendants' obligations and liabilities arise therein,

9  and because the work that was performed by Plaintiff in the County of Fresno is the

10  subject of this action.

11  **PARTIES**

12      4.     Plaintiff MICHAEL SAHLBACH  ("SAHLBACH ") was employed by

13  Defendant from December 9, 2016 through February 10, 2017.

14      5.    Defendant ENERGY PROTECTION SYSTEMS GROUP, INC.

15  ("ENPRO") is a California corporation doing business in the County of Fresno, State

16  of California.

17  **GENERAL ALLEGATIONS**

18      6.    ENPRO is a general energy and electrical contractor.

19      7.    ENPRO services San Diego, Riverside, Los Angeles, Fresno, San

20  Francisco, and Temecula.

21      8.    ENPRO maintains a website at http://enpronow.com/.

22      9.    SAHLBACH worked for ENPRO as an Electricians Apprentice.

23  SAHLBACH worked installing lighting, bending conduit, and performed various

24  other electrical installation services.

25      10.    ENPRO has branches in Frenso, Rancho Cordova, and Costa Mesa.

26  ENPRO's employees are exclusively in California.

27      11.    SAHLBACH worked out of the Rancho Cordova faciality, which will

28  be referred to as the "shop."

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1    12.    SAHLBACH would arrive at the shop to start the work week.  He would

2    load up the company van with materials and equipment and then depart to pick up

3    various other crew members and travel to Southern California.

4    13.    The crew would arrive at a job site approximately 6 hours later and start

5    work on the site.

6    14.    The crew would work through the day and be transported to a hotel at

7    the end of the day.

8    15.    ENPRO paid for the hotel.

9    16.    The crew would be picked up at the hotel and transported to the job site

10   where they would work for the entire day.

11   17.    At the end of the week, the employees would complete a day's work at

12   the site and then get back in the company van.  They would then drive back to the

13   shop in Rancho Cordova (typically a 6 hour drive), unload the vehicle and then go

14   home.

15   18.    The crew members were paid on an hourly basis but the rates were

16   different for travel and on-site time.  For instance, SAHLBACK received $15 per

17   hour for on-site work and $10.50 per hour for travel.

18   19.    ENPRO counted the travel time as work time and paid for it at $10.50

19   per hour.

20   20.    When computing overtime, ENPRO used a "blended rate" of $19.13.

21   ENPRO computed this "blended rate" by adding the on-site rate to the travel rate and

22   dividing by two.  Overtime was paid as 1.5 times that "blended rate."  That is,

23   ($15+$10)/2 = $12.75/hr x 1.5 = $19.13/hr of overtime.

24   21.    The "blended rate" did not reflect the actual regular rate of pay that

25   should have been used to pay the overtime.

26   22.    Both California and the FLSA use a "weighted average" method when

27   more than one hourly rate is paid to the employee.

28   23.    Under the "weighted average" method, total earnings (except statutory

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

exclusions) are divided by the number of hours worked to arrive at the regular rate of pay.

24.    For instance, if an employee worked 60 hours in a week and 12 hours was travel, the pay would be 48 hours x $15/hour + 12 hours x $10.50/hour = $846. To compute the regular rate of pay, that amount is divided by the total hours worked. $846/60 = $14.10.  The overtime would need to be paid at $21.15 per hour, not the $19.13 that is was paid on.

25.    SAHLBACH typically worked 60 to 90 hours each week.

26.    In general, there were two travel periods each week – driving to the work site at the beginning of the week and driving back at the end.  Each segment lasted approximately 6 hours, but could be more or less depending on traffic.  Time records exist for how long each segment took as the employees were paid for the time at $10.50 per hour.

27.    The "blended rate" used by ENPRO resulted in a systematic underpayment because it always averaged the two rates even though most of the hours were worked at the higher on-site rate.

28.    ENPRO refused to pay double time for hours worked in excess of 12 in a day.

29.    The crew members would work more than 12 hours on every day in which travel was involved.  That is, they would travel approximately 6 hours to the work site and then work a full day of 8, 10, or even 12 hours.  ENPRO would pay overtime for the work in excess of 8 hours in a day but did not pay double time for work in excess of 12 hours.

30.    The employees would submit time cards showing the hours that they worked in the day.  ENPRO instructed the employees to not report time spent waiting at the job site.

31.    Because the crew traveled together in the company van, they all needed to leave the job site at the same time to be transported to the hotel.

-4-
CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

32.    ENPRO required the employees to "clock out" of their shift and wait for all the other employees so that they could be transported to the hotel together.

33.    The crew members were not relieved of all duty until they were released at the hotel, but they were required to "clock out" back at the work site.  As a result, the employees were not paid for this "off-the-clock" time.

34.    The crew members generally traveled 6 hours straight each way to the job site.  During this time, they were not permitted duty free meal and rest periods. They were required to remain in the vehicle, review schedules and perform other work related tasks and were only let out briefly at stops for gas.

35.    The crew members were not paid any additional meal premium or rest premium pay even though they did not receive a proper meal period or rest period while they were required to be in the company vehicle.

36.    SAHLBACH's employment ended on February 10, 2017.

37.    ENPRO knows that it is shorting the employees.  The "blended rate" scheme is prohibited under both California and federal law.  Any employer who looked into the issue would know that a "weighted average" must be used to pay the overtime.

38.    ENPRO has blatantly refused to pay double time and has refused to state why it will not pay the double time.  From ENPRO's complete lack of any explanation as to why double time was not paid, it is apparent that ENPRO knows that the double time is due and is refusing to pay it simply to save money.

## CLASS ACTION ALLEGATIONS

39.    Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rules 23(a), (b)(1), and (b)(3).

40.    ENPRO has a consisted company policy that it pays travel time based on a 50/50 average of the employee's on-site rate and the employee's travel rate. The policy is reflected in the employees' payroll records and damages can be computed using nothing more than a spreadsheet to compute the proper rate of pay

1 and determine how much each employee was underpaid each week.

2    41.    ENPRO has a company policy that double time is not paid to employees
3 on days that they travel.  Company records show which days the employees traveled
4 on and how much other on-site work they performed on those days.

5    42.    ENPRO has a company policy or requiring employees to "clock out"
6 while they wait to be returned to the hotel.  The company has records showing when
7 the employees were relived of duty at the hotel site.

8    43.    ENPRO's core business is traveling to distant locations within
9 California to perform the electrical services.  All of the hourly employees of ENPRO
10 travel to remote locations and are subject to the exact same policies regarding travel
11 time pay.

12    44.    Plaintiff proposes the following Class which will be referred to as the
13 "Travel Double Time Class:"

14        All hourly employees of ENPRO who received travel pay on any
15        day in which more than 12 hours were worked during the four
16        years prior to this lawsuit.

17    45.    Plaintiff proposes the following Class which will be referred to as the
18 "Regular Rate Class:"

19        All hourly employees paid overtime on the "blended rate" in any
20        week.

21    46.    Plaintiff proposes the following Class which will be referred to as the
22 "Traveling Class:"

23        All California hourly employees of ENPRO who were paid travel
24        time.

25    47.    Plaintiff proposes the following Class which will be referred to as the
26 "Former Employees Class:"

27        Any member of one of the above classes who's employment has
28        ended at least once in the three years prior to the initiation of this

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1   lawsuit.

2   48.    This action has been brought and may properly be maintained as a class

3   action under Rule 23 because there is a well-defined community of interest in the

4   litigation and the proposed class is easily ascertainable.

5   49.    A Class Action is a superior method for bringing this action in that there

6   is a well defined community of interest in the questions of law and fact.  Questions of

7   law and fact common to the class action include, but are not limited to:

8   a.   Whether double time needs to be paid for work past 12 hours in a

9   day.

10  b.   The proper way to compute the overtime rate of pay.

11  c.   Whether all hours worked were paid for.

12  d.   Whether proper meal and rest breaks were provided while traveling.

13  e.   Whether the failure to pay any wages was willful.

14  f.   Whether liquidated damages can be recovered under Business and

15  Professions Code § 17203.

16  50.    Plaintiff and the Class Action Plaintiffs are similarly situated, have

17  substantially similar job duties, have substantially similar pay provisions, and are all

18  subject to Defendants' illegal labor violations.

19  51.    The claims of the Plaintiff are typical of those of the class, and plaintiff

20  will fairly and adequately represent the interests of the class.

21  52.    The persons of this class are so numerous that the joinder of all such

22  persons is impracticable and that disposition of their claims in a class action rather

23  than in individual actions will benefit the parties and the Court.  While the precise

24  number of proposed class members has not yet been determined, Plaintiff is informed

25  and believes that Defendants currently employ, and during the relevant time periods

26  employed, over 300 putative class members.

27  53.    The prosecution of separate actions by individual members of the Class

28  would create the risk of inconsistent and varying adjudications, establishing

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1 incompatible standards of conduct for Defendants.

2    54.    The questions of law and fact common to the members of the Class

3 predominate over any questions affecting only individual member, including legal

4 and factual issues relating to liability and damages.

5    55.    Class action treatment will allow those similarly situated person to

6 litigate their claims in the manner that is most efficient and economical for the

7 parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely

8 to be encountered in the management of this action that would preclude its

9 maintenance as a class action.

10    56.    In the event that the Court determines at the notice stage or anytime

11 thereafter that all plaintiffs and members of the class action, are not "similarly

12 situated," the definition may be modified or narrowed, and/or appropriate subclasses

13 may be established based on business unit or otherwise.

14            **COLLECTIVE ACTION ALLEGATIONS**

15    57.    Plaintiffs bring the Fifth Cause of Action for violation of the Fair Labor

16 Standards Act (hereinafter "FLSA") as a collective action pursuant to Section 16(b)

17 of the FLSA, 29 U.S.C. § 216(b), on behalf of all hourly employees who received a

18 "blended rate" in any week in which more than 40 hours were worked.  ("Collective

19 Action Plaintiffs").

20    58.    The Cause of Action for violations of the FLSA is being brought and

21 maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all

22 violations of the FLSA.

23    59.    A Collective Action is a superior method for bringing this action in that

24 there is a well defined community of interest in the questions of law and fact.

25 Questions of law and fact common to the collective action include, but are not

26 limited to:

27        a.   Whether Defendant failed and continues to fail to pay overtime

28            compensation in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

b.  Whether the policy and practice of failing to pay overtime pay to dispatchers was willful, within the meaning of the FLSA.

c.  Whether Defendant is subject to the provisions of the FLSA.

60.    Plaintiff and the Collective Action Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' refusal to pay proper overtime in violation of the FLSA.  The claims of the Plaintiff are typical of those of the class and plaintiff will fairly and adequately represent the interests of the class.

61.    The persons of this class of are so numerous that the joinder of all such persons is impracticable and that disposition of their claims in a class action rather than in individual actions will benefit the parties and the court.  In addition, each class member must give his or her permission to be represented in this action under the "opt-in" provisions of 29 U.S.C. § 216(b).

62.    In the event that the Court determines at the notice stage or anytime thereafter that all plaintiffs and members of the collective action, as defined above, are not "similarly situated," the definition may be modified or narrowed, and/or appropriate subclasses may be established based on business unit or otherwise.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LABOR CODE

### (AGAINST ENPRO )

63.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 62.

64.    This cause of action is brought against ENPRO .

65.    The cause of action if brought on behalf of the Traveling Class.

66.    Pursuant to Cal. Labor Code § 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

67.    While employed by Defendants, Plaintiff was not paid at least the

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1 │ minimum wage for all hours worked.

2 │     68.    Plaintiff was not paid the proper minimum wage by Defendants for at

3 │ least one pay period within the three (3) years prior to initiating this lawsuit.

4 │     69.    Defendants know or should know the pay periods in which minimum

5 │ wage was not paid as well as the amount of underpaid wages.

6 │     70.    Under California Labor Code, Plaintiff is to recover the minimum wage

7 │ for all hours worked.

8 │     71.    As a proximate result of the aforementioned violations, Plaintiff has

9 │ been damaged in an amount in excess of $5,000, and subject to proof at time of trial.

10 │     72.    Pursuant to Labor Code §§ 218.6, 1194, and California Code of

11 │ Regulations, Title 8, §11160, Plaintiff is entitled to recover damages for the

12 │ nonpayment of the minimum wage for all hours worked, interest, reasonable

13 │ attorney's fees and costs of suit.

14 │     73.    Pursuant to Labor Code § 1194.2, Plaintiff is entitled to recover an

15 │ additional amount equal to the unlawfully unpaid wages as liquidated damages.  As

16 │ such, Plaintiff prays for an additional amount of $5,000.

17 │     74.    Class Members are entitled relief subject to proof at trial.

18 │ **SECOND CAUSE OF ACTION**

19 │ **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA**

20 │ **INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA**

21 │ **LABOR CODE**

22 │ **(AGAINST ENPRO )**

23 │     75.    Plaintiff refers to and incorporate  by reference Paragraphs 1 through 74.

24 │     76.    This cause of action is brought against ENPRO .

25 │     77.    This cause of action is brought on behalf of the Double Time Class,

26 │ Regular Rate Class, and Traveling Class.

27 │     78.    Pursuant to Industrial Welfare Commission Order No. 16-2001,

28 │ California Code of Regulations, Title 8, § 11160, for the period of Plaintiff's

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1  employment, Defendants were required to compensate Plaintiff for all overtime,

2  which is calculated at one and one-half (1 ½) times the regular rate of pay for hours

3  worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2)

4  times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

5  of hours worked in excess of eight (8) hours on the seventh consecutive work day in

6  a week.

7      79.    Plaintiff worked more than eight (8) hours in a single workday or forty

8  (40) hours in a single workweek on numerous occasions. ENPRO has records of

9  when this work was performed.

10      80.    Plaintiff was entitled to the above overtime premiums.

11      81.    Defendants did not pay Plaintiff premium wages of at least one and one-

12  half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

13      82.    Defendants did not pay Plaintiff premium wages of at least one and one-

14  half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

15      83.    Defendants did not pay Plaintiff premium wages of at least two times

16  Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

17      84.    Plaintiff SAHLBACH worked at least one pay period in which he was

18  not properly paid overtime within the three (3) years prior to the initiation of this

19  lawsuit.

20      85.    Defendants know or should know the actual dates of overtime worked,

21  the amount of overtime worked, and the amount of unpaid overtime due.

22      86.    As a proximate result of Defendants' violations, Plaintiff SAHLBACH

23  has been damaged in an amount in excess of $5,000 and subject to proof at time of

24  trial.

25      87.    Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of

26  Regulations, Title 8, § 11160, Plaintiff SAHLBACH  is entitled to recover damages

27  for the nonpayment of overtime premiums for all overtime hours worked, penalties,

28  interest, plus reasonable attorney's fees and costs of suit.

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1  88.   Class Members are entitled to relief subject to proof at trial.

2  **THIRD CAUSE OF ACTION**

3  **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**

4  **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS**

5  **AND CALIFORNIA LABOR CODE SECTION 512**

6  **(AGAINST ENPRO )**

7  89.   Plaintiff refers to and incorporate by reference Paragraphs 1 through 88.

8  90.   This cause of action is brought against ENPRO.

9  91.   This cause of action is brought on behalf of the Traveling Class.

10  92.   Pursuant to Industrial Welfare Commission Order No. 16-2001,

11 California Code of Regulations, Title 8, § 11160, for the period of Plaintiff's

12 employment, Defendants were required to provide a thirty (30) minute meal period

13 for any person working more than five (5) hours in a day.

14  93.   Defendants failed to provide Plaintiff a meal period for numerous days

15 worked.

16  94.   Defendants know or should know the dates for each missed meal period

17 as well as the damages due.

18  95.   Defendants failed to provide Plaintiff at least one meal period within the

19 three (3) years prior to filing this lawsuit.

20  96.   Pursuant to Labor Code § 226.7 and California Code of Regulations,

21 Title 8, § 11160, Plaintiff SAHLBACH  is entitled to recover one (1) hour of pay at

22 the regular rate of compensation for each workday that the meal period was not

23 provided.

24  97.   Plaintiff SAHLBACH  prays for damages for missed meals in an

25 amount subject to proof at time of trial.

26  **FOURTH CAUSE OF ACTION**

27  **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED**

28  **UNDER LABOR CODE SECTION 226**

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

**(AGAINST ENPRO )**

98.   Plaintiff refers to and incorporate by reference Paragraphs 1 through 97.

99.   This cause of action is brought against ENPRO .

100.   This cause of action is brought on behalf of the Traveling Class.

101.   Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

102.   Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

103.   In particular, the pay check stubs do not list all the hours worked.

104.   Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.  Plaintiff was not paid for all the hours that he worked and now must engage in an effort to determine exactly how many hours he worked by looking at other company documents to determine the time he was released from duty on each day.

105.   Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

106.   Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

**FIFTH CAUSE OF ACTION**

**WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203**

**(AGAINST ENPRO )**

107.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 106.

108.   This cause of action is brought against ENPRO.

109.   This cause of action is brought on behalf of the Former Employees Class.

110.   Plaintiff's employment with Defendants was terminated on February 10,

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1 | 2017.

2 |       111.    Defendants willfully refused and continue to refuse to pay Plaintiff

3 | SAHLBACH  unpaid wages as required by Labor Code § 203.  Defendants know

4 | that the pay is due and are refusing to pay it.

5 |       112.    Plaintiff SAHLBACH  requests damages and penalties as provided by

6 | Labor Code § 203 in the amount of $5,400 and subject to proof at time of trial.

7 | **SIXTH CAUSE OF ACTION**

8 | **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207**

9 | **and § 216 (AGAINST ALL DEFENDANTS)**

10 |       113.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

11 | 112.

12 |       114.    This cause of action is against all Defendants, jointly and individually.

13 |       115.    Plaintiff is informed and believes and hereon alleges that Defendants are

14 | subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a)

15 | and § 216(b),  Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½)

16 | times the regular rate of  pay for hours worked in excess of forty (40) hours in a

17 | week and an equal additional amount as liquidated damages, as well as costs and

18 | attorney's fees.

19 |       116.    Plaintiff worked numerous weeks in excess of forty (40) hours.

20 |       117.    Plaintiff was entitled to the above overtime premiums.

21 |       118.    Defendants failed to compensate Plaintiff for any overtime premiums.

22 |       119.    This court has jurisdiction over this cause of action because the federal

23 | statute specifically grants the employee the right to bring the action in "any Federal

24 | or State court of competent jurisdiction." 29 U.S.C. § 216(b).

25 |       120.    Plaintiff worked at least one week in which overtime premiums were

26 | not paid by Defendants under the Fair Labor Standards Act within the two (2) years

27 | prior to initiating this lawsuit.

28 |       121.    Plaintiff's individual employment is covered by the terms of the Fair

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1  Labor Standards Act.

2       122.   Plaintiff used equipment on the job that had previously been transported

3  in interstate commerce.

4       123.   Defendant ENPRO was the employer of Plaintiff, as the term

5  "employer" is defined in the Fair Labor Standards Act.

6       124.   Defendant ENPRO was an enterprise covered by the provisions of the

7  Fair Labor Standards Act for the entire time of Plaintiff's employment.

8       125.   Defendant ENPRO conducted business with a total gross sales volume

9  in excess of $500,000 for each and every twelve (12) month period in which Plaintiff

10  was employed.

11       126.   Defendant ENPRO employed at least two (2) employees during each

12  and every 12 month period in which Plaintiff was employed. These employees were

13  engaged in commerce and regularly used equipment that had been transported in

14  interstate commerce.

15       127.   Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

16       128.   Plaintiff prays for judgment for overtime pay of $5,000.  This amount is

17  subsumed by the overtime pay claimed in the First Cause of Action.

18       129.   Plaintiff prays for judgment for liquidated damages in the amount of

19  $5,000.  This amount is supplemental to the relief requested in all other causes of

20  action.

21       130.   Plaintiff prays for costs and attorney's fees.

22              **SEVENTH CAUSE OF ACTION**

23       **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS**

24                    **CODE SECTION 17200**

25                    **(AGAINST ENPRO )**

26       131.   Plaintiff refers to and incorporates by reference Paragraphs 1 through

27  130.

28       132.   This cause of action is brought against ENPRO .

-15-

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

133.    By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

134.    By failing to provide adequate meal and rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

135.    By failing to pay at least the minimum wage, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

136.    Plaintiff SAHLBACH  prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

137.    SAHLBACK contends that liquidated damages under the Fair Labor Standards Act can be recovered under this cause of action.

**WHEREFORE**, Plaintiff prays for the following relief:

1.    That a class action be certified.

2.    That a collective action be certified.

3.    Damages in an amount subject to proof at trial and in excess of $1,500,000 in unpaid overtime; $1,500,000 in liquidated damages, $600,000 for missed breaks; and $2,000,000 in waiting time penalties.

4.    Damages for overtime not paid to Plaintiff SAHLBACH in an amount in excess of $5,000 and subject to proof at trial.

5.    For liquidated damages in the amount in excess of $5,000 and subject to proof at trial.

6.    Damages for minimum wage not paid to Plaintiff SAHLBACH  in an amount in excess of $5,000 and subject to proof at trial.

7.    Liquidated Damages for minimum wage not paid to Plaintiff SAHLBACH in an amount in excess of $5,000 and subject to proof at trial.

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

8. Damages for meal premiums not paid to Plaintiff SAHLBACH in an amount subject to proof at trial.

9. For damages and penalties under Labor Code § 226 for Plaintiff SAHLBACH in an amount subject to proof at trial.

10. For penalties and damages pursuant to Labor Code § 203 for Plaintiff SAHLBACH in an amount of $5,400 and subject to proof at trial.

11. For restitution and disgorgement for all unfair business practices against Plaintiff SAHLBACH in an amount subject to proof at trial.

12. For prejudgment and post judgment interest.

13. Cost of suit.

14. Attorneys' fees.

15. For such other and further relief as the court may deem proper.


DATED:  March 13, 2017            LAW OFFICES OF MICHAEL TRACY



By:    _____
       MICHAEL TRACY, Attorney for Plaintiff
       Michael Sahlbach

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED:  March 13, 2017            LAW OFFICES OF MICHAEL TRACY



By:    _____
       MICHAEL TRACY, Attorney for Plaintiff
       Michael Sahlbach

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS